**MABLE L. BUFTON v. GEORGE E. POPE and HERBERT B. POPE, as Executors of the Estate of Walter S. Pope.**

15 So. (2nd) 611            June Term, 1943

November 23, 1943            Division B

*William W. Judge,* and *J. Lewis Hall,* for petitioner.

*Rogers, Towers & Bailey, C. D. Towers* and *Paul Ritter,* for respondent.

BUFORD, C. J.:

This case is before us on petition for certiorari under Rule No. 34.

To a bill of complaint, defendant filed motion to strike several paragraphs of the bill, motion for bill of particulars and motion to dismiss.

On consideration of the several motions, the chancellor entered his order and decree, as follows:

"This cause coming on this day to be heard before me upon motion to dismiss the amended bill of complaint, motion for better particulars, motion to strike portions of amended bill, and the Court having heard argument of the respective counsel and being otherwise fully advised in the premises, it is, upon consideration thereof

"Ordered, Adudged and Decreed That the defendant do file her answer in this cause on, or before, the rule day in November, 1943.

"Done and Ordered in Chambers, at Jacksonville, Duval County, Florida, this 13th day of September, 1943."

It appears that the chancellor did not adjudicate the questions presented by the motion to strike, nor the questions presented by the motion for better bill of particulars.

It appears to us that there may be merit in several of the grounds of motion to strike several parts of the bill of com-

plaint (this however we do not now determine), and if such several parts of such motion were to stand denied that then the plaintiff should have been required to furnish and file a bill of particulars which would have the effect of advising defendant definitely of the particular facts on which plaintiff proposed to rely for relief.

Many allegations of the bill of complaint allege no more than conclusions of the pleader which tender no issues of fact which may be controverted by the answer and thereby present justiciable issues.

We think the chancellor was correct in holding that the bill of complaint contained allegations warranting equitable relief but committed error in requiring defendant to answer the bill without first ruling upon the several grounds of motion to strike certain allegations of the bill and without ruling on the motion for bill of particulars in event of the denial of the motion to strike the several paragraphs of the bill so attacked.

It, therefore, follows that the order requiring answer to the bill of complaint as it stands was error.

The certiorari is granted and the order appealed from is quashed without prejudice to the entry of an order adjudicating matters presented by motion to strike, and motion for bill of particulars shall have been made and entered, and also without prejudice to review of such order as may be entered.

So ordered.

BROWN, THOMAS and SEBRING, JJ., concur.